## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **LAFAYETTE BALLET THEATRE** | **CIVIL ACTION NO. 6:19-cv-00470** |
| **VERSUS** | **JUDGE:** |
| **AMERICAN HARLEQUIN CORPORATION, HARTFORD ACCIDENT & INDEMNITY COMPANY, & HARTFORD CASUALTY INSURANCE COMPANY** | **MAGISTRATE:** |

## **NOTICE OF REMOVAL**

Defendants, Hartford Fire Insurance Company, incorrectly named as Hartford Accident & Indemnity Company, and Hartford Casualty Insurance Company (sometimes referred to collectively as "Hartford"), pursuant to 28 U.S.C. § 1441 and § 1446, file this Notice of Removal of the captioned action titled *Lafayette Ballet Theatre v. American Harlequin Corporation, Hartford Accident & Indemnity Company and Hartford Casualty Insurance Company,* Suit No. 2019-1060, Division A, on the docket of the 15th Judicial District Court for the Parish of Lafayette, Louisiana.  In support of this Notice of Removal, Hartford respectfully represents:

1.      Plaintiff, Lafayette Ballet Theatre ("Lafayette Ballet") commenced the captioned action by filing a Petition for Damages in the 15th Judicial District Court for Lafayette Parish on February 15, 2019.[1]

2.      Named as Defendants in Lafayette Ballet's Petition for Damages are American Harlequin Corporation ("American Harlequin"), Hartford Fire Insurance Company, incorrectly named as Hartford Accident & Indemnity Company, and Hartford Casualty Insurance Company.[2]

---

[1] Exhibit 1, Service Copy of Lafayette Ballet's Petition for Damages.
[2] Exhibit 1, Service Copy of Lafayette Ballet's Petition for Damages, ¶ 1.

3. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

4. Pursuant to 28 U.S.C. § 1446(b)(2)(B), each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons to file the notice of removal.

5. Lafayette Ballet served Hartford through the Louisiana Secretary of State on March 14, 2019.[3]

6. As this notice is filed within 30 days of Hartford's receipt of Lafayette Ballet's Petition for Damages, this removal is timely pursuant to 28 U.S.C. § 1446(b).

## DIVERSITY OF THE PARTIES

7. Plaintiff and Defendants are diverse from each other.

8. Plaintiff, Lafayette Ballet, is a Louisiana nonprofit corporation with its principal place of business in Louisiana.[4]

9. Defendant, Hartford Fire Insurance Company, incorrectly named as Hartford Accident & Indemnity Company, is an insurance corporation incorporated in Connecticut with its principal place of business in Connecticut.[5]

---

[3] Exhibit 1, Service Copy of Lafayette Ballet's Petition for Damages; Exhibit 2, Printout from Louisiana Secretary of State showing date of service.
[4] Exhibit 1, Service Copy of Lafayette Ballet's Petition for Damages, opening paragraph; Exhibit 3, Printout from Louisiana Secretary of State regarding Lafayette Ballet; see also, *Gardemal v. Champion Technologies, Inc.,* 2014 WL 791538 at *2 (W.D. La. 2014) (citizenship of a corporation is determined by its state of incorporation and principal place of business).
[5] Exhibit 4, Printout from Louisiana Department of Insurance regarding Hartford Fire Insurance Company.

10.     Defendant, Hartford Casualty Insurance Company, is an insurance corporation domiciled in Indiana with its principal place of business in Connecticut.[6]

11.     Defendant, American Harlequin, is a New Jersey corporation with its principal place of business in New Jersey.[7]

## AMOUNT IN CONTROVERSY

12.     District courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  28 U.S.C. § 1332.

13.     Lafayette Ballet alleges it contracted with American Harlequin to furnish and install a flooring system in Lafayette Ballet's dance studio for a price of $79,098.97, and that the flooring system is defective.[8]  Lafayette Ballet seeks a return of the purchase price, collateral costs of the sale, out-of-pocket expenses, repair costs, general and special damages, interest, attorneys fees, and costs.[9]

14.     Lafayette Ballet alleges that Hartford Fire Insurance Company, incorrectly named as Hartford Accident & Indemnity Company, issued a commercial general liability policy to American Harlequin, and Hartford Casualty Insurance Company issued an umbrella liability policy to American Harlequin.[10]

15.     Based on the foregoing allegations, it is facially apparent that the $75,000 amount in controversy is satisfied.

## CONSENT OF OTHER DEFENDANTS TO REMOVAL

---

[6] Exhibit 5, Printout from Louisiana Department of Insurance regarding Hartford Casualty Insurance Company.
[7] Exhibit 6, Printout from the Louisiana Secretary of State regarding American Harlequin.
[8] Exhibit 1, Service Copy of Lafayette Ballet's Petition for Damages, ¶ 2-4, 7-10.
[9] Exhibit 1, Service Copy of Lafayette Ballet's Petition for Damages, ¶ 20-21, 27, prayer for relief.
[10] Exhibit 1, Service Copy of Lafayette Ballet's Petition for Damages, ¶ 28-29.

16. American Harlequin has not yet been served so its consent to removal is not required.[11]

## COMPLAINCE WITH PROCEDURAL REQUIREMENTS FOR REMOVAL

17. A copy of the entire state court record is attached hereto in accordance with 28 U.S.C. § 1446(a).[12]

18. A copy of this Notice of Removal is being served upon all parties in accordance with 28 U.S.C. § 1446(d).

19. A Notice of Filing of Notice of Removal is being filed with the Clerk of Court for the 15th Judicial District Court for Lafayette Parish as required by 28 U.S.C. § 1446(d) and a copy is attached hereto.[13]  A Certificate of Filing of State Court Notice of Removal is also attached.[14]

20. The listing required pursuant to 28 U.S.C. § 1447(b) is attached hereto.[15]

WHEREFORE, Hartford hereby provides notice that this action is duly removed.

Respectfully Submitted:

*/s/Heather N. Sharp*_____
**Seth A. Schmeeckle** (La. Bar No. 27076) (T.A.)
**Heather N. Sharp** (La. Bar No. 29987)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
9311 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70810
Telephone: (504) 588-1990
Fax: (504) 310-9195
Email: sschmeeckle@lawla.com; hsharp@lawla.com

---

[11] *See* 28 U.S.C. 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."); *Legeaux v. Borg-Warner Corp.,* 2016 WL 6166166 (E.D. La. 2016) (unserved party's consent not required for removal); *Tureau v. 2H Inc.,* 2014 WL 12701025 at *5 (W.D. La. 2014) (same).
[12] Exhibit 7, State Court Record.
[13] Exhibit 8, Notice of Filing of Notice of Removal to the Clerk of Court for the 15th Judicial District Court, Lafayette Parish.
[14] Exhibit 9, Certificate of Filing of State Court Notice of Removal.
[15] Exhibit 10, Listing required pursuant to 28 U.S.C. § 1447(b).

***Attorneys for Hartford Fire Insurance Company, incorrectly named as Hartford Accident & Indemnity Company, and Hartford Casualty Insurance Company***

CERTIFICATE OF SERVICE

I hereby certify that on April 12th 2019, a copy of this pleading has been served on all known counsel of record via the Court's CM/ECF filing system and via email.

*/s/Heather N. Sharp*
Heather N. Sharp