# State of Louisiana
## Secretary of State

03/15/2019

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

HARTFORD ACCIDENT & INDEMNITY COMPANY
C/O CT CORPORATION SYSTEM
3867 PLAZA TOWER DR
BATON ROUGE, LA 70816

Suit No.: 20191060
15TH JUDICIAL DISTRICT COURT
LAFAYETTE PARISH

LAFAYETTE BALLET THEATRE
vs
AMERICAN HARLEQUIN CORP, ET AL

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

R. KYLE ARDOIN
Secretary of State

Served on: R. KYLE ARDOIN
Served by: E CUMMINS

Date: 03/14/2019
Title: DEPUTY SHERIFF

No: 1111777



EXHIBIT 1

TG

LAFPC.CV.54488275
cc_telilly

Ordered by Atty.: JENNA H. LINN

# CITATION

LAFAYETTE BALLET THEATRE

VS

AMERICAN HARLEQUIN CORP, ET AL

FIFTEENTH JUDICIAL DISTRICT COURT

DOCKET NUMBER: C-20191060 A

PARISH OF LAFAYETTE, LOUISIANA

STATE OF LOUISIANA

TO: HARTFORD ACCIDENT & INDEMNITY COMPANY
THROUGH ITS AGENT:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809

SERVED ON
R. KYLE ARDOIN

MAR 14 2019

SECRETARY OF STATE
COMMERCIAL DIVISION

of the Parish of E. Baton Rouge

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the FIFTEENTH JUDICIAL DISTRICT COURT, in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this February 22, 2019.

_____
Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:

**ORIGINAL AND FAX FILED PETITION FOR DAMAGES**

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____
SERVED: _____
PERSONAL ( ) _____
DOMICILIARY ( ) ON _____
UNABLE TO LOCATE      MOVED ( )      NO SUCH ADDRESS ( )
OTHER REASON: _____
RECEIVED TOO LATE FOR SERVICE ( )
SERVICE OF WITHIN PAPERS
COSTS FEE $_____  MILEAGE $_____  TOTAL $_____
DEPUTY _____

| | | |
|---|---|---|
| LAFAYETTE BALLET THEATRE | * | NUMBER: 20191060 A   DIV: "____" |
| VERSUS | * | 15th JUDICIAL DISTRICT COURT |
| AMERICAN HARLEQUIN CORPORATION, HARTFORD ACCIDENT & INDEMNITY COMPANY, HARTFORD CASUALTY INSURANCE COMPANY | * | PARISH OF LAFAYETTE   STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Lafayette Ballet Theatre (hereinafter referred to as "Petitioner", "Plaintiff" or "LBT"), a nonprofit Louisiana corporation, domiciled in Lafayette Parish, Louisiana, who respectfully represents as follows:

1.

Defendants herein are:

a. **AMERICAN HARLEQUIN CORPORATION**, a foreign corporation authorized to do and doing business in the state of Louisiana and Parish of Lafayette;

b. **HARTFORD ACCIDENT & INDEMNITY COMPANY**, a foreign insurer, authorized to do and doing business in the state of Louisiana; and

c. **HARTFORD CASUALTY INSURANCE COMPANY**, a foreign insurer, authorized to do and doing business in the state of Louisiana.

2.

In July, 2017, Plaintiff contracted American Harlequin Corporation ("Harlequin") to furnish and install a Liberty Sprung Panel System with Studio (NYC Ballet Gray-STU406) as performance surface (the "flooring system").

3.

The flooring system was installed in Plaintiff's dance studio by Harlequin, and/or its agents, in Lafayette on or about September 30, 2017 through October 2, 2017.

4.

The total costs for the flooring was $79,098.97; Plaintiff paid Harlequin said amount in full.

5.

Harlequin knew the particular use that the Plaintiff intended for the flooring system and/or the Plaintiff's particular purpose for having Harlequin install the flooring system.

6.

Plaintiff relied on Harlequin's skill and/or judgment in selecting and installing the flooring system.

7.

The flooring system has failed to reasonably perform as Harlequin represented that it would. In particular, there are ripples in the vinyl top layer of the flooring.

8.

Plaintiff contends, when delivered, the flooring system was defective in materials and workmanship, with such defects being discovered within the warranty periods.

9.

Plaintiff allowed Harlequin numerous opportunities to correct the problems with the flooring system. Harlequin has attempted to remedy the problems but its efforts have been to no avail.

10.

The defects in the flooring system have substantially impaired its use, value and safety.

11.

As a result of the sale of the flooring system by Harlequin to Plaintiff, an implied warranty of merchantability arose in the transaction which included a guarantee that the flooring system was fit for the ordinary purposes for which such flooring system is purchased.

12.

Harlequin has breached such implied warranty.

13.

Further, pursuant to the contract entered into between Harlequin and Plaintiff, Harlequin warranted that the liberty panels sprung flooring would be free of any defects in material or workmanship for a period of two years and that the cascade vinyl would be free from any defects in material of workmanship for five years.

14.

Harlequin has breached such express warranties.

## VIOLATIONS OF THE LOUISIANA REDHIBITION LAWS

15.

Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

16.

The defects described in the flooring system meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

17.

Plaintiff has provided Harlequin sufficient opportunity to repair the defective flooring system.

18.

Plaintiff has performed each and every duty required of it under Louisiana Redhibition Laws.

19.

The hidden defects in the flooring system existed at the time of sale, but were not discovered until on or about February 17, 2018. The flooring system is not usable for its intended purpose and neither Plaintiff nor a reasonable prudent buyer would have purchased the flooring system had they known of the defects prior to the sale.

20.

Plaintiff is entitled to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale and out of pocket expenses.

21.

Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the amount of costs and expenses, including attorney's fees.

### VIOLATIONS OF LOUISIANA CONTRACTORS' LAWS

22.

Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

23.

Further, pursuant to 46 La. Admin. Code Pt XXIX, 119, "Any person, company or entity who undertakes, attempts to, or submits a price or bid or offer to perform work in construction management or program management whose scope of authority and responsibility includes supervision, oversight, direction, or in any manner assuming charge of the construction services provided to an owner by a contractor or contractors in excess of $50,000 must possess a license from this board [State Licensing Board for Contractors] in the major classification of building

3

construction or heavy construction or highway, street, and bridge construction or municipal and public works construction."

24.

At no time during the installation of the subject flooring system did Harlequin, or its subcontractor, possess a Louisiana contractor's license.

25.

Pursuant to La. Stat. Ann. § 37:2160, "It shall be unlawful for any person to engage or continue in this state in business of contracting, as defined in this Chapter, without having qualified as a contractor under the provisions of this Chapter."

26.

As a result of Harlequin's failure to obtain a contractor's license in the state of Louisiana, the subject contract between Plaintiff and Harlequin is void. *Alonzo v. Chifici*, 526 So. 2d 237, (La. Ct. App.), *writ denied*, 527 So. 2d 307 (La. 1988).

27.

Accordingly, Plaintiff has been damaged due to harlequin's actions and/or inactions and is entitled to the return of all funds paid under the subject contract with Harlequin.

28.

At all relevant time herein, it is believed that Defendant, Hartford Accident & Indemnity Company provided a policy of commercial general liability insurance to Harlequin, which provides coverage for the claims hererin.

29.

At all relevant time herein, it is believed that Defendant, Hartford Casualty Insurance Company provided a policy of umbrella liability insurance to Harlequin, which provides coverage for the claims hererin.

WHEREFORE, Plaintiff prays for judgment against Defendants, American Harlequin Corporation, Hartford Accident & Indemnity Company, and Hartford Casualty Insurance Company, as follows:

    a. General, special and actual damages to be proven at trial;

    b. Return of the purchase price of the subject flooring system, repair costs, and damages;

    c. Prejudgment and post judgment interest;

  d. Attorneys fees;

  e. Costs of suit, expert fees, and litigation expenses; and

  f. All other just and equitable relief.

Respectfully submitted:

**Bankston & Associates, L.L.C.**
8708 Jefferson Hwy, Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 766-3800
Facsimile: (225) 766-7800

Larry S. Bankston, Bar Roll No. 02744
Jenna H. Linn, Bar Roll No. 33246

PLEASE SERVE:

American Harlequin Corporation
Through its registered agent:
Anderson Registered Agents, Inc.
3014 Dauphine Street
Suite 100-B
New Orleans, LA 70117

Hartford Accident & Indemnity Company
Through its agent:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

Hartford Casualty Insurance Company
Through its agent:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

FILED THIS 21 DAY OF Feb, 2019
TRUE COPY ATTEST, LAFAYETTE, LA

Deputy Clerk of Court

5

| | |
|---|---|
| LAFAYETTE BALLET THEATRE | NUMBER: 20191060A  DIV: "___" |
| VERSUS | 15th JUDICIAL DISTRICT COURT |
| AMERICAN HARLEQUIN CORPORATION, HARTFORD ACCIDENT & INDEMNITY COMPANY, HARTFORD CASUALTY INSURANCE COMPANY | PARISH OF LAFAYETTE  STATE OF LOUISIANA |

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Petitioner, Lafayette Ballet Theatre (hereinafter referred to as "Petitioner", "Plaintiff" or "LBT"), a nonprofit Louisiana corporation, domiciled in Lafayette Parish, Louisiana, who respectfully represents as follows:

1.

Defendants herein are:



a. **AMERICAN HARLEQUIN CORPORATION**, a foreign corporation authorized to do and doing business in the state of Louisiana and Parish of Lafayette;

b. **HARTFORD ACCIDENT & INDEMNITY COMPANY**, a foreign insurer, authorized to do and doing business in the state of Louisiana; and

c. **HARTFORD CASUALTY INSURANCE COMPANY**, a foreign insurer, authorized to do and doing business in the state of Louisiana.

2.

In July, 2017, Plaintiff contracted American Harlequin Corporation ("Harlequin") to furnish and install a Liberty Sprung Panel System with Studio (NYC Ballet Gray-STU406) as performance surface (the "flooring system").

3.

The flooring system was installed in Plaintiff's dance studio by Harlequin, and/or its agents, in Lafayette on or about September 30, 2017 through October 2, 2017.

4.

The total costs for the flooring was $79,098.97; Plaintiff paid Harlequin said amount in full.

5.

Harlequin knew the particular use that the Plaintiff intended for the flooring system and/or the Plaintiff's particular purpose for having Harlequin install the flooring system.

6.

Plaintiff relied on Harlequin's skill and/or judgment in selecting and installing the flooring system.

7.

The flooring system has failed to reasonably perform as Harlequin represented that it would. In particular, there are ripples in the vinyl top layer of the flooring.

8.

Plaintiff contends, when delivered, the flooring system was defective in materials and workmanship, with such defects being discovered within the warranty periods.

9.

Plaintiff allowed Harlequin numerous opportunities to correct the problems with the flooring system. Harlequin has attempted to remedy the problems but its efforts have been to no avail.

10.

The defects in the flooring system have substantially impaired its use, value and safety.

11.

As a result of the sale of the flooring system by Harlequin to Plaintiff, an implied warranty of merchantability arose in the transaction which included a guarantee that the flooring system was fit for the ordinary purposes for which such flooring system is purchased.

12.

Harlequin has breached such implied warranty.

13.

Further, pursuant to the contract entered into between Harlequin and Plaintiff, Harlequin warranted that the liberty panels sprung flooring would be free of any defects in material or workmanship for a period of two years and that the cascade vinyl would be free from any defects in material of workmanship for five years.

14.

Harlequin has breached such express warranties.

## VIOLATIONS OF THE LOUISIANA REDHIBITION LAWS

15.

Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

16.

The defects described in the flooring system meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

17.

Plaintiff has provided Harlequin sufficient opportunity to repair the defective flooring system.

18.

Plaintiff has performed each and every duty required of it under Louisiana Redhibition Laws.

19.

The hidden defects in the flooring system existed at the time of sale, but were not discovered until on or about February 17, 2018. The flooring system is not usable for its intended purpose and neither Plaintiff nor a reasonable prudent buyer would have purchased the flooring system had they known of the defects prior to the sale.

20.

Plaintiff is entitled to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale and out of pocket expenses.

21.

Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the amount of costs and expenses, including attorney's fees.

VIOLATIONS OF LOUISIANA CONTRACTORS' LAWS

22.

Plaintiff re-alleges and incorporates by reference herein each and every allegation set forth in the preceding paragraphs.

23.

Further, pursuant to 46 La. Admin. Code Pt XXIX, 119, "Any person, company or entity who undertakes, attempts to, or submits a price or bid or offer to perform work in construction management or program management whose scope of authority and responsibility includes supervision, oversight, direction, or in any manner assuming charge of the construction services provided to an owner by a contractor or contractors in excess of $50,000 must possess a license from this board [State Licensing Board for Contractors] in the major classification of building

3

construction or heavy construction of highway, street, and bridge construction or municipal and public works construction."

24.

At no time during the installation of the subject flooring system did Harlequin, or its subcontractor, possess a Louisiana contractor's license.

25.

Pursuant to La. Stat. Ann. § 37:2160, "It shall be unlawful for any person to engage or continue in this state in business of contracting, as defined in this Chapter, without having qualified as a contractor under the provisions of this Chapter."

26.

As a result of Harlequin's failure to obtain a contractor's license in the state of Louisiana, the subject contract between Plaintiff and Harlequin is void. *Alonzo v. Chifici*, 526 So. 2d 237, (La. Ct. App.), *writ denied*, 527 So. 2d 307 (La. 1988).

27.

Accordingly, Plaintiff has been damaged due to harlequin's actions and/or inactions and is entitled to the return of all funds paid under the subject contract with Harlequin.

28.

At all relevant time herein, it is believed that Defendant, Hartford Accident & Indemnity Company provided a policy of commercial general liability insurance to Harlequin, which provides coverage for the claims herein.

29.

At all relevant time herein, it is believed that Defendant, Hartford Casualty Insurance Company provided a policy of umbrella liability insurance to Harlequin, which provides coverage for the claims herein.

WHEREFORE, Plaintiff prays for judgment against Defendants, American Harlequin Corporation, Hartford Accident & Indemnity Company, and Hartford Casualty Insurance Company, as follows:

    a. General, special and actual damages to be proven at trial;

    b. Return of the purchase price of the subject flooring system, repair costs, and damages;

    c. Prejudgment and post judgment interest;

4

   d. Attorneys fees;

   e. Costs of suit, expert fees, and litigation expenses; and

   f. All other just and equitable relief.

Respectfully submitted:

Bankston & Associates, L.L.C.
8708 Jefferson Hwy, Suite A
Baton Rouge, Louisiana 70809
Telephone: (225) 766-3800
Facsimile: (225) 766-7800

Larry S. Bankston, Bar Roll No. 02744
Jenna H. Linn, Bar Roll No. 33246

**PLEASE SERVE:**

American Harlequin Corporation
Through its registered agent:
Anderson Registered Agents, Inc.
3014 Dauphine Street
Suite 100-B
New Orleans, LA 70117

Hartford Accident & Indemnity Company
Through its agent:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

Hartford Casualty Insurance Company
Through its agent:
Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, LA 70809

FAX FILED THIS 15 DAY OF Feb, 2019
Deputy Clerk of Court

A TRUE COPY ATTEST
Lafayette, LA. Feb 22, 2019
DY. CLERK OF COURT

5

Feb. 15. 2019 9:55AM   BANKSTON & ASSOC   No. 3085   P. 6

Recording File 2 19-00004541



**STATE OF LOUISIANA**
**FIFTEENTH JUDICIAL DISTRICT COURT**
**ACADIA, LAFAYETTE AND VERMILION PARISHES**

### CLOSURE ORDER FOR LAFAYETTE PARISH COURTHOUSE
### THURSDAY, FEBRUARY 14, 2019

Considering the apparent failure of the plumbing system in between the second and third floors of the Lafayette Parish Courthouse, and considering the substantial water leakage resulting therefrom, all of which has caused a complete courthouse-computer-system shut down, thereby making it impossible for the employees of the Fifteenth Judicial District Court and the Lafayette Parish Clerk of Court to continue in the performance of their official duties and for the general public to conduct business at the Lafayette Parish Courthouse,

**IT IS HEREBY ORDERED** that the Lafayette Parish Courthouse shall be closed for the afternoon of Thursday, February 14, 2019, beginning at 2:30 p.m. and lasting for the remainder of the day, with the Courthouse to reopen as usual on Friday, February 15, 2019, unless further orders are issued with respect thereto.

SIGNED IN CHAMBERS at Lafayette, Louisiana, this 14th day of February, 2019.

**CHARLES G. FITZGERALD**
**CHIEF DISTRICT JUDGE**



Lafayette Parish C'k
Filed This:
FEB 14 2019
Deputy Clerk of C.

FILED THIS 14th
DAY OF February, 2019
Deputy Clerk of Court