### UNITED STATES DISTRICT COURT

### WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| **LAFAYETTE BALLET THEATRE** | **CIVIL ACTION NO. 6:19-cv-00470** |
| **VERSUS** | **JUDGE MICHAEL J. JUNEAU** |
| **AMERICAN HARLEQUIN CORPORATION, HARTFORD ACCIDENT & INDEMNITY COMPANY, & HARTFORD CASUALTY INSURANCE COMPANY** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### HARTFORD FIRE INSURANCE COMPANY AND HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER AND DEFENSES

NOW INTO COURT, though undersigned counsel, comes Hartford Fire Insurance Company, incorrectly named as Hartford Accident & Indemnity Company, and Hartford Casualty Insurance Company (sometimes referred to collectively as "Hartford") and respond to the allegations in the Petition for Damages filed by plaintiff, Lafayette Ballet Theatre ("Plaintiff"), as follows:

All allegations are denied unless specifically admitted.

1.

In response to Paragraphs 1(b) and 1(c), Hartford admits that Hartford Fire Insurance Company and Hartford Casualty Insurance Company are foreign insurers authorized to do and doing business in Louisiana.  Paragraph 1(a) is not directed at Hartford and requires no response from Hartford, but to the extent that a response is deemed necessary, Hartford admits, upon information and belief, that American Harlequin Corporation is a foreign corporation authorized to do and doing business in Louisiana.

2.

The allegations in Paragraph 2 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 2 refer to a written contract, Hartford avers that the written document is the best evidence of its own contents.

3.

The allegations in Paragraph 3 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

4.

The allegations in Paragraph 4 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

5.

The allegations in Paragraph 5 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

6.

The allegations in Paragraph 6 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

7.

The allegations in Paragraph 7 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

8.

The allegations in Paragraph 8 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

9.

The allegations in Paragraph 9 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

10.

The allegations in Paragraph 10 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

11.

The allegations in Paragraph 11 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

12.

The allegations in Paragraph 12 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

13.

The allegations in Paragraph 13 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 13 refer to a written contract, Hartford avers that the written document is the best evidence of its own contents.

14.

The allegations in Paragraph 14 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

15.

Paragraph 15 simply re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of Plaintiff's Petition, to which Hartford has already responded.  Hartford responds by re-asserting its responses to Paragraphs 1 – 14 of Plaintiff's Petition as set forth above.

16.

The allegations in Paragraph 16 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 16 constitute legal conclusions, they are denied.

17.

The allegations in Paragraph 17 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

18.

The allegations in Paragraph 18 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 18 constitute legal conclusions, they are denied.

19.

The allegations in Paragraph 19 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

20.

The allegations in Paragraph 20 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 20 constitute legal conclusions, they are denied.

21.

The allegations in Paragraph 21 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 21 constitute legal conclusions, they are denied.

22.

Paragraph 22 simply re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of Plaintiff's Petition, to which Hartford has already responded.  Hartford responds by re-asserting its responses to Paragraphs 1 – 21 of Plaintiff's Petition as set forth above.

23.

The allegations in Paragraph 23 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 23 constitute legal conclusions, they are denied.

24.

The allegations in Paragraph 24 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.

25.

The allegations in Paragraph 25 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 25 constitute legal conclusions, they are denied.

26.

The allegations in Paragraph 26 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in Paragraph 26 constitute legal conclusions, they are denied.  To the extent that the allegations in Paragraph 26 refer to a written contract, Hartford avers that the written document is the best evidence of its own contents.

27.

The allegations in Paragraph 27 are not directed at Hartford and require no response from Hartford, but to the extent that a response is deemed necessary, Hartford denies the allegations for lack of information sufficient to justify a belief therein.  To the extent that the allegations in

Paragraph 27 refer to a written contract, Hartford avers that the written document is the best evidence of its own contents.

28.

Hartford denies the allegations of Paragraph 28 except to admit that Hartford Fire Insurance Company issued a Commercial General Liability policy to American Harlequin Corporation bearing Policy No. 39 UUN NE9638 with a policy period from 10/23/17 – 10/23/18 ("CGL Policy"), which CGL Policy is subject to the terms, conditions, limits, limitations, exclusions and endorsements contained therein, all of which are incorporated herein by reference.  Hartford avers that the CGL Policy, being a written document, is the best evidence of its own contents, and any allegations that tend to expand, modify, alter, or mischaracterize the contents of the CGL Policy are expressly denied.  Hartford denies that the CGL Policy provides any coverage for the damages claimed in Plaintiff's Petition.

29.

Hartford denies the allegations of Paragraph 29 except to admit that Hartford Casualty Insurance Company issued an Umbrella Liability Policy to American Harlequin Corporation with a policy period from 10/23/17 – 10/23/18 ("Umbrella Policy"), which Umbrella Policy is subject to the terms, conditions, limits, limitations, exclusions and endorsements contained therein, all of which are incorporated herein by reference.  Hartford avers that the Umbrella Policy, being a written document, is the best evidence of its own contents, and any allegations that tend to expand, modify, alter, or mischaracterize the contents of the Umbrella Policy are expressly denied. Hartford denies that the Umbrella Policy provides any coverage for the damages claimed in Plaintiff's Petition.

The prayer for relief does not require a response from Hartford, but Hartford nevertheless denies that Plaintiff is entitled to the relief requested therein.

7

Any unnumbered or incorrectly numbered paragraphs are denied.

## DEFENSES

And now, in further response to Plaintiff's Petition for Damages, Hartford asserts the following defenses:

### FIRST DEFENSE

Plaintiff's demand against Hartford fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims against Hartford are barred to the extent that Plaintiff is unable to prove the existence of any policy of insurance issued by Hartford which provides coverage for the damages alleged.

### THIRD DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that they fall outside the scope of coverage provided by the CGL Policy and the Umbrella Policy.

### FOURTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, by the terms, conditions, limits, limitations, exclusions and endorsements contained in the CGL Policy and the Umbrella Policy, all of which are incorporated herein by reference.

### FIFTH DEFENSE

Plaintiff's demand against Hartford fails to provide sufficient specificity in the allegations to permit a full response thereto, and, consequently, Hartford reserves the right to raise any and all defenses under any policy at issue or applicable law until the precise nature of the claims is ascertained through discovery or amendment to the pleadings.

### SIXTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that any party alleged to be an insured does not qualify as an insured under the CGL Policy or the Umbrella Policy.

## SEVENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that any insured failed to comply with the terms and conditions of the CGL Policy or Umbrella Policy or failed to perform any obligations required by the CGL Policy or Umbrella Policy.

## EIGHTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that the damages alleged do not constitute damages because of "bodily injury" or "property damage" that occurred during the policy period of the CGL Policy or Umbrella Policy.

## NINTH DEFENSE

Plaintiff's claims against Hartford may barred, in whole or in part, by prescription and/or laches.

## TENTH DEFENSE

To the extent that Hartford has any liability under the CGL Policy or Umbrella Policy, which is expressly denied, such liability is subject to the limitations of liability, aggregates, deductibles, self-insured retentions, non cumulation clauses and/or retrospective premiums contained in the CGL Policy and Umbrella Policy.

## ELEVENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that they are not for sums that the insured is legally obligated to pay as damages because of "bodily injury" or "property damage" to which the insurance provided under the CGL Policy or Umbrella Policy applies.

## TWELFTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that the damages alleged do not constitute damages because of "bodily injury" or "property damage" within the meaning of the CGL Policy or Umbrella Policy.

## THIRTEENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that the alleged damages do not constitute damages because of "bodily injury" or "property damage" caused by an "occurrence" within the meaning of the CGL Policy or Umbrella Policy.

## FOURTEENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that any insured concealed, misrepresented, or failed to disclose the nature of its operations or other facts material to the risks undertaken by Hartford.

## FIFTEENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that the CGL Policy or Umbrella Policy, or any rights under the CGL Policy or Umbrella Policy, have been assigned in contravention of the terms and conditions.

## SIXTEENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that any insured has compromised or paid any claims or assumed any obligations without first notifying Hartford and obtaining its consent.

## SEVENTEENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that any party failed to mitigate, avoid, minimize, or abate any damages allegedly sustained.

## EIGHTEENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that any of the alleged damages were pre-existing.

## NINTEENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that any insured had notice of the claims, conditions, events, damages or injuries alleged and failed to give timely notice and/or forward every demand, notice, summons or other process to Hartford in accordance with the terms and conditions of the CGL Policy or Umbrella Policy.

## TWENTIETH DEFENSE

To the extent that Hartford has any liability under the CGL Policy or Umbrella Policy, which is denied, such liability is subject to the Each Occurrence Limit.

## TWENTY-FIRST DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, by the Expected Or Intended Injury exclusions in the CGL Policy and Umbrella Policy, which provide:

> This insurance does not apply to:
> **Expected Or Intended Injury**
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

## TWENTY-SECOND DEFENSE

Plaintiff's claims against Hartford may be barred, in whole or in part, by the Contractual Liability exclusions in the CGL Policy and Umbrella Policy.  The Contractual Liability exclusion in the CGL Policy provides:

> This insurance does not apply to:
> **Contractual Liability**
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:
> (1) That the insured would have in the absence of the contract or agreement; or
> (2) Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the

11

contract or agreement.  Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

(a) Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

(b) Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

The Contractual Liability exclusion in the Umbrella Policy provides:

This insurance does not apply to:
**Contractual Liability**
Liability assumed by the "insured" under any contract or agreement with respect to an "occurrence" taking place before the contract or agreement is executed.

TWENTY-THIRD DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, by the Damage To Property exclusions in the CGL Policy and Umbrella Policy.  The Damage To Property exclusion in the CGL Policy provides:

This insurance does not apply to:
**Damage To Property**
"Property damage" to:

(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property;

(2) Premises you sell, give away or abandon, if the "property damage" arises out of any part of those premises;

(3) Property loaned to you;

(4) Personal property in the care, custody or control of the insured;

(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

Paragraphs (1), (3) and (4) of this exclusion do not apply to "property damage" (other than damage by fire) to premises, including the contents of such premises, rented to you for a period of seven or fewer consecutive days.  A separate limit of insurance applies to Damage To Premises Rented To You as described in Section III – Limits of Insurance.

Paragraph (2) of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

12

Paragraphs (3) and (4) of this exclusion do not apply to "property damage" arising
from the use of elevators.

Paragraphs (3), (4), (5), and (6) of this exclusion do not apply to liability assumed
under a sidetrack agreement.

Paragraph (6) of this exclusion does not apply to "property damage" included in
the "products-completed operations hazard".

The Damage To Property exclusion in the Umbrella Policy provides:

This insurance does not apply to:
**Damage To Property**
"Property damage" to property you own.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, by the Damage To Your

Product exclusions in the CGL Policy and Umbrella Policy, which provide:

This insurance does not apply to:
**Damage To Your Product**
"Property damage" to "your product" arising out of it or any part of it.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, by the Damage To Your

Work exclusions in the CGL Policy and Umbrella Policy, which provide:

This insurance does not apply to:
**Damage To Your Work**
"Property damage" to "your work" arising out of it or any part of it and included in
the "products-completed operations hazard".
This exclusion does not apply if the damaged work or the work out of which the
damage arises was performed on your behalf by a subcontractor.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, by the Damage To

Impaired Property Or Property Not Physically Injured exclusions in the CGL Policy and Umbrella

Policy, which provide:

This insurance does not apply to:
**Damage To Impaired Property Or Property Not Physically Injured**
"Property damage" to "impaired property" or property that has not been physically
injured, arising out of:

13

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

TWENTY-SEVENTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, by the Recall Of Products,

Work Or Impaired Property exclusions in the CGL Policy and Umbrella Policy, which provide:

This insurance does not apply to:
**Recall Of Products, Work Or Impaired Property**
Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:
(1) "Your product";
(2) "Your work"; or
(3) "Impaired property";
if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

TWENTY-EIGHTH DEFENSE

Plaintiff's claims against Hartford may be barred, in whole or in part, by the Exclusion –

Fungi, Bacteria and Viruses endorsements in the CGL Policy and Umbrella Policy.

TWENTY-NINTH DEFENSE

Plaintiff's claims against Hartford may be barred, in whole or in part, by the Exclusion –

Care, Custody or Control of Personal Property endorsement in the Umbrella Policy, which

provides:

This policy does not apply to "property damage" to personal property:
1. Rented to;
2. Used by; or
3. In the care, custody or control;
Of any "insured" or as to which any "insured" is for any purpose exercising physical control.

THIRTIETH DEFENSE

14

Plaintiff's claims against Harford may be barred, in whole or in part, by the Contractors

Endorsement Standard endorsement in the Umbrella Policy, which provides:

> This policy does not apply to:
> 1. "Property damage" to property:
>    a. Occupied by or rented or leased to any "insured";
>    b. In the care, custody or control of any "insured"; or
>    c. Over which any "insured" is for any purpose exercising physical control.
> 2. "Bodily injury" or "property damage" assumed by any "insured" under any contract or agreement.
> 3. "Property damage" to "your work" if the damaged work or the work out of which the damage arises was performed on your behalf.
> 4. "Bodily injury", "personal and advertising injury," or "property damage" arising out of any project insured under a wrap-up rating plan.
>
> Exception
>
> Paragraphs 1., 2. and 3 above do not apply if "underlying insurance" is maintained providing coverage for liability for such injury or damage with minimum underlying limits as described for Commercial General Liability in the Schedule of Underlying Insurance Policies, but in no event shall any coverage restored by this exception apply to any claim or "suit" to which "underlying insurance" does not apply. Coverage provided by this exception will follow the provisions, exclusions and limitations of the "underlying insurance".
>
> Condition K. – Maintenance of Underlying Insurance applies to this exception.

<u>THIRTY-FIRST DEFENSE</u>

Plaintiff's claims against Hartford may be barred, in whole or in part by the Underlying

Insurance or Limited Underlying Coverage Exclusions in the Umbrella Policy, which provide:

> This insurance does not apply to:
>
> **Underlying Insurance**
>
> Any injury or damage:
> a. Covered by "underlying insurance" but for any defense which any underlying insurer may assert because of the "insured's" failure to comply with any condition of its policy; or
> b. For which "damages" would have been payable by "underlying insurance" but for the actual or alleged insolvency or financial impairment of an underlying insurer.
>
> This insurance does not apply to:
>
> **Limited Underlying Coverage**
>
> Any injury, damage, loss, cost or expense, including but not limited to "bodily injury", "property damage" or "personal and advertising injury" for which:
> a. an "underlying insurance" policy or policies specifically provides coverage; but

15

b. because of a provision within the "underlying insurance" such coverage is provided at a limit or limits of insurance that are less than the limit(s) for the "underlying insurance" policy or policies shown in the Schedule of Underlying Insurance Policies.

## THIRTY-SECOND DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, by the Other Insurance provisions in the CGL Policy and Umbrella Policy.

## THIRTY-THIRD DEFENSE

Plaintiff's claims against Hartford under the Umbrella Policy are barred, in whole or in part, to the extent that they seek recovery for amounts that do not constitute "sums that the 'insured' becomes legally obligated to pay as 'damages' in excess of the 'underlying insurance' or of the 'self-insured retention' when no 'underlying insurance' applies[.]"

## THIRTY-FOURTH DEFENSE

Plaintiff's claims against Hartford under the Umbrella Policy are barred, in whole or in part, to the extent that any insured failed to maintain any primary insurance required by the Umbrella Policy.

## THIRTY-FIFTH DEFENSE

Plaintiff's claims against Hartford under the Umbrella Policy are barred, in whole or in part, to the extent that the insured has failed to exhaust applicable limits of any underlying, primary, or other insurance as required by the Umbrella Policy.

## THIRTY-SIXTH DEFENSE

No actual, justiciable case or controversy exists with respect to Hartford Casualty Insurance Company under the Umbrella Policy because Plaintiff has not alleged or demonstrated that the underlying, primary insurance has exhausted or will exhaust.

## THIRTY-SEVENTH DEFENSE

16

To the extent that the Umbrella Policy follows form to an underlying, primary policy, and to the extent that Plaintiff's claims are barred by the provisions of the underlying, primary policy, Plaintiff's claims are likewise excluded from coverage under the Umbrella Policy.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims against Hartford under the Umbrella Policy are barred to the extent that the obligations, if any, under the Umbrella Policy are limited by contract provisions concerning underlying primary insurance, prior insurance, and/or non-cumulation of liability, including any such provisions incorporated in any such underlying policy or other insurance policies.

## THIRTY-NINTH DEFENSE

To the extent that any insurance sharing a layer of coverage with the Umbrella Policy was issued by an insurance carrier that is now or in the future becomes insolvent, the Umbrella Policy does not "drop over" to provide coverage at a greater share than stated in the Umbrella Policy. To the extent that any insurance underlying the Umbrella Policy was issued by any insurance carrier that is now or in the future becomes insolvent, the Umbrella Policy does not "drop down" to provide coverage at a lower level than stated in the Policy.

## FORTIETH DEFENSE

Hartford's financial obligations to Plaintiff, if any, are subject to offsets for recoveries received by Plaintiff from other persons or entities.

## FORTY-FIRST DEFENSE

Hartford's financial obligations to Plaintiff, if any, may be excess over or concurrent with other available insurance.

## FORTY-SECOND DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that the damages alleged were caused by the contributory or comparative fault of other parties besides Hartford's alleged insured.

## FORTY-THIRD DEFENSE

Hartford pleads superseding and/or intervening causes as a defense and a bar to recovery.

## FORTY-FOURTH DEFENSE

Plaintiff's claims against Hartford are barred, in whole or in part, to the extent that the damages alleged were caused by conditions over which neither Hartford nor its alleged insured had control.

## FORTY-FIFTH DEFENSE

Hartford avers that, in accordance with La. C.C. art. 2323, the percentage of fault of all persons causing or contributing to the damages must be determined, and that the amount of damages recoverable, if any, must be reduced in proportion to the percentage of fault attributable to other parties, including Plaintiff, parties that are insolvent, and parties that are not named as defendants.

## FORTY-SIXTH DEFENSE

The liability of Hartford, if any, must be reduced to the extent that all damages should be apportioned among each liable insurer, whether named in this action or not, in proportion to the respective obligations of each insurer.

## FORTY-SEVENTH DEFENSE

Plaintiff's claims against Hartford are barred to the extent that the claims are for equitable relief and/or are founded upon equitable remedies.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims against Hartford are barred to the extent that the claims sound in breach of contract rather than tort.

### FORTY-NINTH DEFENSE

Hartford asserts all defenses averred by American Harlequin Corporation to the extent that those defenses are not inconsistent with the defenses set forth herein.

### FIFTIETH DEFENSE

Hartford reserves the right to amend this answer to assert any additional defenses or any other applicable terms, provisions, conditions, limits, limitations, exclusions or endorsements of the CGL Policy or Umbrella Policy or any other policy that may become apparent or relevant during Hartford's ongoing investigation and discovery.

WHEREFORE, Hartford respectfully prays that its answer be deemed good and sufficient, and that, after all due delays and proceedings are had, this Court dismiss with prejudice Plaintiff's claims against Hartford at Plaintiff's cost, and grant all other general and equitable relief to which Hartford may be entitled.

Respectfully submitted,

*/s/Heather N. Sharp*_____
**Seth A. Schmeeckle** (La. Bar No. 27076) (T.A.)
**Heather N. Sharp** (La. Bar No. 29987)
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
9311 Bluebonnet Blvd., Suite A
Baton Rouge, Louisiana 70810
Telephone: (504) 588-1990
Fax: (504) 310-9195
Email: sschmeeckle@lawla.com; hsharp@lawla.com
***Attorneys for Hartford Fire Insurance Company,
incorrectly named as Hartford Accident & Indemnity
Company, and Hartford Casualty Insurance Company***

19

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 31, 2019, a copy of this pleading has been served on all known

counsel of record via the Court's CM/ECF filing system and/or via email.

*/s/Heather N. Sharp*
Heather N. Sharp
